UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE WORRELL and LINDA SOUZA,<br><br>     Plaintiffs,<br><br>     v.<br><br>PRAJAKTA HARSHE,<br><br>     Defendants. | HONORABLE NOEL L. HILLMAN<br><br>CIVIL ACTION NO. 16-2398<br><br>**OPINION** |

**APPEARANCES:**

SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.
By:  Alan C. Milstein, Esq.
308 Harper Drive, Suite 200
Moorestown, New Jersey 08057
        Counsel for Plaintiffs

LOCKE LORD LLP
By:  Aileen E. McTiernan, Esq.
44 Whippany Road, Suite 280
Morristown, New Jersey 07960
        Counsel for Defendant

**HILLMAN**, United States District Judge:

This dispute arises out of a soured business relationship

between Plaintiffs George Worrell and Linda Souza and Defendant

Prajakta Harshe.  Presently before the Court is Plaintiffs'

"Motion to Enforce the Settlement" of this suit.[1]  Defendant,

---

[1]  The Motion to Enforce is incorrectly docketed as "Motion to Seal the Complaint," docket entry #3.

however, disputes that the parties ever reached an agreement to settle this suit, and argues that this Court lacks jurisdiction to consider the motion.  The Court agrees that it lacks jurisdiction; therefore the motion will be dismissed for lack of jurisdiction.

## I.

The Complaint alleges that during the first months of 2016, and perhaps before, "plaintiffs and defendant [] had fundamental disagreements over the operation" of their "several associated [business] entities." (Compl. ¶ 6, 7)  While the parties were allegedly in negotiations to mediate their disputes, the Complaint alleges that "[o]n April 27, 2015, defendant accessed the Yahoo email accounts without plaintiffs' authority or consent in an effort to gain advantage in the negotiations and to obtain attorney client communications." (Id. at ¶ 10)

The Complaint asserts violations of the Electronic Communications Protection Act, 18 U.S.C. § 2511, and the Stored Communications Act, 18 U.S.C. § 2701, as well as claims for libel and slander.[2]  However, the instant motion is not based on the above allegations or claims.

In the instant motion, Plaintiffs assert that after the Complaint in this matter was filed, the parties' private mediation

---

[2]  The Court exercises federal question subject matter jurisdiction, *see* 28 U.S.C. § 1331, over the claims asserted in the Complaint.  The parties are not diverse.

resulted in a written – but unexecuted – settlement agreement
(Exhibit 4 to the Motion to Enforce).  According to Plaintiffs,
the parties reached agreement on all of the terms embodied in the
written agreement on the night of May 16, 2016, but Defendant has
refused to sign the agreement. (See Milstein Cert. ¶¶ 5-15)

For her part, Defendant states in her certification that
"[d]espite many hours of mediation, plaintiffs and I were unable
to come to an agreement." (Harshe Decl. ¶ 8)

## II.

Federal courts "have asserted ancillary jurisdiction . . .
for two separate, though sometimes related, purposes: (1) to
permit disposition by a single court of claims that are, in
varying respects and degrees, factually interdependent, and (2) to
enable a court to function successfully, that is, to manage its
proceedings, vindicate its authority, and effectuate its decrees."
*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80
(1994)(internal citations omitted).

The burden of demonstrating ancillary jurisdiction rests with
the party invoking it. *Peacock v. Thomas*, 516 U.S. 349, 354-55
(1996)(citing *Kokkonen*).

## III.

Plaintiffs – the parties invoking this Court's jurisdiction –
have not demonstrated that this Court has jurisdiction to enforce
the alleged settlement.  Plaintiffs are correct that the Court may

sometimes enforce a settlement in a case in which the Court has

retained jurisdiction, when the existence of the settlement itself

is not disputed.  That is, when the dispute is whether a party

complied with its obligations under an undisputedly valid

settlement agreement, a Court may, under certain circumstances,

exercise its ancillary jurisdiction "to manage its proceedings,

vindicate its authority, and effectuate its decrees."  *Kokkonen*,

511 U.S. at 380.  And we note, without holding, that the Court at

times may be called upon to determine whether a Court-ordered or

supervised mediation resulted in a settlement of a matter on the

Court's pending docket.  Such a situation might more clearly fall

within the Court's authority to manage its docket and vindicate

its authority.[3]

     The issue here, however, is materially different.[4]  Here the

issue is whether the parties, acting outside the supervision of

---

[3] We construe the holding in *Kokkonen* to bar post-settlement
contract actions in federal court brought after the federal court
has relinquished jurisdiction of the original suit, unless an
independent basis of subject matter jurisdiction supports an
exercise of jurisdiction.

[4] A third category of cases might be those in which a defendant
pleads an affirmative defense that a pre-filing release or other
settlement precludes a case or discreet claims brought by a
plaintiff.  Courts routinely hear and adjudicate the validity of
such defenses as they go directly to the Plaintiff's standing to
assert a claim in court at all.  Here, the claim of a pre-fling
settlement is not used as a shield by a defendant but rather a
claim of a private, out-of-court, post-filing settlement is being
used as a sword by a plaintiff to assert the resolution of its
affirmative claims, presumably in its favor.  We know of no
statute or precedent that confers jurisdiction on this Court to

the Court, entered into a private agreement to settle.  In the
most basic sense, the question presented is, "do the parties have
a contract?"  This claim is not "factually interdependent" with
any of the claims asserted in the Complaint, *Kokkonen*, 511 U.S. at
380, nor will enforcing the alleged settlement "effectuate" any
"decree," nor "vindicate [the] authority," of this Court, *id.*,
because the alleged settlement was never embodied in an order of
this Court, nor was the process itself ordered or supervised by
the Court.  It is not insignificant to this analysis that the
purported settlement apparently involves persons and entities who
are not parties to this suit.  The invitation to adjudicate
significant rights of parties not before the Court should be
readily declined.

In short, at best Plaintiffs have a newly choate state law
claim of breach of contract.  However, even if Plaintiffs were to
file a separate action in this Court seeking adjudication of
whether the parties reached an agreement to settle, this Court
would lack subject matter jurisdiction over that claim.  The
parties are not diverse and the question of whether the parties
reached an agreement is an issue of state contract law, not
federal law.  Nor would ancillary jurisdiction support this
Court's jurisdiction over that action. *Peacock*, 516 U.S. at 355

---

resolve a post-filing state contract claim simply because it would
resolve a case on our docket.

("In a subsequent lawsuit involving claims with no independent basis for jurisdiction, a federal court lacks the threshold jurisdictional power that exists when ancillary claims are asserted in the same proceeding as the claims conferring federal jurisdiction.").  If a separately filed case would lack a jurisdictional basis, it would seem to follow that any amendment to add to this case additional claims arising from a purported settlement would also require an independent jurisdictional basis; yet none exists.

Thus, this Court lacks jurisdiction over Plaintiffs' Motion to Enforce the Settlement.  Accordingly, the motion will be dismissed for lack of jurisdiction.

### IV.

For the reasons set forth above, Plaintiffs' Motion to Enforce the Settlement Agreement will be dismissed for lack of jurisdiction.

An appropriate Order accompanies this Opinion.


Dated: February 28, 2017
At Camden, New Jersey                    ___s/ Noel L. Hillman____
                                         **Noel L. Hillman, U.S.D.J.**

6