UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE WORRELL and LINDA SOUZA, <br><br> Plaintiffs, <br><br> v. <br><br> PRAJAKTA HARSHE, <br><br> Defendants. | HONORABLE NOEL L. HILLMAN <br><br> CIVIL ACTION NO. 16-2398 <br><br> **OPINION** |

**APPEARANCES**:

SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.
By: Alan C. Milstein, Esq.
308 Harper Drive, Suite 200
Moorestown, New Jersey 08057
      Counsel for Plaintiffs

LOCKE LORD LLP
By: Aileen E. McTiernan, Esq.
44 Whippany Road, Suite 280
Morristown, New Jersey 07960
      Counsel for Defendant

**HILLMAN**, United States District Judge:

    This dispute arises out of a soured business relationship between Plaintiffs George Worrell and Linda Souza, and Defendant Prajakta Harshe. Presently before the Court is Defendant's Motion

1

to Dismiss the Amended Complaint. For the reasons stated herein, the motion will be denied.[1]

I.

The following allegations are relevant to the issues raised by the instant motion. "Both plaintiffs have Yahoo! email accounts which they use for both business and personal use including communications with [legal] counsel." (Amend. Compl. ¶ 9) Allegedly, "[o]n April 27, 2015, defendant accessed the Yahoo email accounts without plaintiffs' authority or consent." (Id. ¶ 10) Specifically, plaintiffs allege that, on that date, "defendant contacted Yahoo and, posing as one or both plaintiffs, represented that she had forgotten the password to the [email] account[s]. She then entered the cell number of one or both plaintiffs which was the security recovery method utilized by Yahoo to restore a password and log into an account." (Id. ¶ 18)

Defendant then allegedly logged into the accounts "without the authorization of plaintiffs [and] intercepted the account information in real time which gave [defendant] access to plaintiffs' email history as well as the ability to generate emails from those accounts." (Id. ¶ 19) Further, Plaintiff Worrell attaches to the Amended Complaint an email between himself

---

[1] The Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

and his attorney which he alleges Defendant forwarded from Worrell's email account to Defendant's own email account. (Amend. Compl. ¶ 20 and Ex. 1)

The Amended Complaint asserts four claims: (1) violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2511 et seq.; (2) violation of the Stored Communications Act, 18 U.S.C. § 2701 et seq.; (3) libel and slander; and (4) violation of the New Jersey Identity Theft Statute, N.J.S.A. § 2C:21-17.[2]

## II.

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. *Bogosian v. Gulf Oil Corp.*,

---

[2] The factual allegations relevant to Counts 3 and 4 are not discussed in this opinion because those factual allegations are not implicated by Defendant's instant Motion to Dismiss.

562 F.2d 434, 446 (3d Cir. 1977). However, "the Federal Rules of Civil Procedure . . . do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" *Bell Atlantic v. Twombly*, 550 U.S. 544, 563 n.8 (2007) (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009)("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)("*Iqbal* . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before *Twombly*.").

## III.

Defendant moves to dismiss arguing that Plaintiffs have failed to state claims under the federal statutes, and that the Court should decline to exercise supplemental jurisdiction over the remaining state law claims. The Court considers each argument in turn.

**A.**

Under the Electronic Communications Privacy Act ("ECPA"), any person who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire, oral, or electronic communication" violates the Act. 18 U.S.C. § 2511(1)(a). The Act defines "intercept" as "the aural or other acquisition of the contents of any wire, electronic or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. § 2510(4).[3]

Defendant argues that "Plaintiffs do not allege any facts to support their claim that [Plaintiff] 'intercepted' an electronic communication." (Moving Brief, p. 4)

In *Fraser v. Nationwide Mutual Insurance Company,* the Third Circuit held, "an 'intercept' under the ECPA must occur contemporaneously with transmission," and therefore, "a stored e-mail could not be intercepted within the meaning of [the ECPA]." 352 F.3d 107, 113 (3d Cir. 2003). In *Fraser*, the summary judgment record demonstrated that Defendant Nationwide, which was Plaintiff Fraser's employer, did not violate the ECPA when it searched its own computer servers for emails previously sent by Fraser. *See id.* at 110 (Nationwide "searched its main file server -- on which all

---

[3] With some exceptions not applicable here, 18 U.S.C. § 2520 creates a private right of action in favor of "any person whose . . . electronic communication is intercepted."

5

of Fraser's e-mail was lodged -- for any e-mail to or from Fraser that showed similar improper behavior.").

Defendant asserts that *Fraser* compels dismissal of Plaintiffs' ECPA claims. The Court disagrees; *Fraser* is factually and procedurally distinguishable. In this case Plaintiffs allege that Defendant accessed Plaintiffs' active email accounts "in real time," which gave defendant the "ability to generate emails from [Plaintiffs'] accounts." (Amend. Compl. ¶ 19) Indeed, Plaintiffs further allege that Defendant actually did "generate[] an email" from Plaintiff Worrell's email account. (Id. ¶ 20) These allegations support the plausible inference -- at least at this early stage of the case -- that there was both an interception of an electronic communication and a transmission of such communication at the same time.

Procedurally, it is important to note that *Fraser* was an appeal from a summary judgment decision. This Court is addressing a motion to dismiss. Thus, the Court must keep in mind that Plaintiffs have not yet had the benefit of discovery to know exactly what Defendant did, or did not, do with regard to Plaintiffs' email accounts and the transmission and interception of electronic communications. *See Byrd v. Aaron's, Inc.,* 14 F. Supp. 3d 667, 675 (W.D. Pa. Mar. 31, 2014)("With regard to . . . Count I, for violation of the ECPA, the Court notes that [Defendant] has raised persuasive objections about whether there

6

has actually been an 'interception' of an 'electronic communication,' as required under the ECPA. . . . However, . . . the Court agrees that in this stage of the litigation, Plaintiffs have sufficiently pled a claim for direct liability under the ECPA. . . . Whether an actual interception of an electronic communication took place will be born out through discovery, and [Defendant] is free to raise these arguments again on a more developed record, as a motion for summary judgment."); *Arrington v. ColorTyme, Inc.*, 972 F. Supp. 2d 733, 747 (W.D. Pa. 2013) ("given the sophistication of the technology at issue, it is entirely possible that discovery will reveal that the screenshots, keystrokes and pictures were in some state of 'transmission' as envisaged by the statute when they were obtained by [Defendant].").

Plaintiffs have plausibly pled a claim for violation of the ECPA.

**B.**

Under the Stored Communications Act ("SCA"), it is unlawful to (1) "intentionally access[] without authorization a facility through which an electronic communication service is provided," 18 U.S.C. § 2701(a)(1); or (2) "intentionally exceed[] an authorization to access that facility; and thereby obtain[] . . . authorized access to a[n] . . . electronic communication while it

is in electronic storage." § 2701(a)(2); *see also* 18 U.S.C. § 2707 (creating a private right of action for violations of § 2701).

Defendant argues that the Amended Complaint fails to plausibly allege facts supporting a conclusion that Defendant's alleged access was "without authorization," and that any electronic communication allegedly accessed was "in electronic storage." Both arguments fail.

First, the Amended Complaint's allegations that Defendant contacted Yahoo to recover Plaintiffs' email passwords supports the plausible inference that Defendant did not have, or know, Plaintiffs' passwords, which in turn supports the plausible conclusion that Defendant was not authorized to access Plaintiffs' email accounts. Contrary to Defendant's assertions, the Amended Complaint's additional allegations that Defendant was the CEO of the parties' joint business, and that Plaintiffs used their email accounts for business, does not render Plaintiffs' allegations of unauthorized access implausible.

Second, the Stored Communications Act defines "electronic storage" as "any temporary, intermediate storage of a[n] . . . electronic communication incidental to the electronic transmission thereof." 18 U.S.C. § 2510(17)(A). Similar to the Court's ruling concerning the ECPA claim, whether any electronic communication alleged to be accessed by Plaintiff was "in electronic storage" is better addressed at summary judgment. At this stage of the case,

the Court cannot expect Plaintiffs to allege particular facts as to where any given electronic communication, available through Plaintiffs' email accounts, was stored. *See Integrated Waste Solutions, Inc. v. Goverdhanam*, 2010 U.S. Dist. LEXIS 127192 at *18-19 (E.D. Pa. Nov. 30, 2010) (analyzing an SCA claim and explaining, "[w]ithout delving into the operational intricacies of Plaintiff's website (a task inappropriate for this stage of pleading), the Court finds that such allegations, taken as true, raise a reasonable inference that Defendants accessed confidential information incidental to its transfer to authorized users of Plaintiff's site — not simply data stored on Plaintiff's computers. These allegations, though notably vague, are enough to fulfill Plaintiff's burden under *Twombly* and Rule 12(b)(6).").

Plaintiffs have plausibly pled a claim for violation of the SCA.

## c.

Defendant's argument that this Court should decline to retain jurisdiction over the state law claims is premised on Defendant's arguments that Plaintiffs' federal claims should be dismissed. The Court holds that the federal claims are not subject to dismissal at this stage of the case, therefore Defendant's supplemental jurisdiction argument is moot.

**IV.**

For the reasons set forth above, Defendant's Motion to Dismiss will be denied. An appropriate Order accompanies this Opinion.

Dated: April 17, 2016
At Camden, New Jersey                    ____s/ Noel L. Hillman____
                                         **Noel L. Hillman, U.S.D.J.**