UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE WORRELL and LINDA SOUZA, | 1:16-cv-2398 (NLH/KMW) |
| Plaintiffs, | **OPINION** |
| v. | |
| PRAJAKTA HARSHE, | |
| Defendant. | |

**APPEARANCES**:

ALAN C. MILSTEIN
SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY
EAST GATE CORPORATE CENTER
308 HARPER DRIVE
SUITE 200
MOORESTOWN, NJ 08057
    On behalf of Plaintiffs

AILEEN E. MCTIERNAN
LOCKE LORD LLP
44 WHIPPANY ROAD
MORRISTOWN, NJ 07960
    On behalf of Defendant.

**HILLMAN, District Judge**

    This opinion arises from Plaintiffs' Motion to Withdraw the Complaint with Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). The Court notes this case is unusual for two reasons: First, Plaintiffs are seeking a voluntary dismissal

<u>with</u> prejudice.  Second, Defendant opposes the motion.  For the reasons that follow, Plaintiffs' Motion to Withdraw the Complaint with Prejudice is granted.

**I.**

The following facts come from Plaintiffs' April 2016 complaint.  Plaintiffs and Defendant are associated in several entities providing mental health services in New Jersey.  Plaintiffs allege Defendant accessed Plaintiffs' Yahoo e-mail accounts without consent to gain a business advantage over Plaintiffs.  Plaintiffs alleged violations of 18 U.S.C. § 2511 of the Electronic Communications Protection Act and of 18 U.S.C. § 2701 of the Stored Communications Act.  Plaintiffs also brought claims for libel and slander.[1]

In a June 28, 2017 Scheduling Order, the parties were "directed to engage in electronic discovery related to the claims and defenses in the case."  On September 8, 2017, Plaintiffs moved to withdraw their complaint with prejudice.  The motion is opposed by Defendant, who argues the motion is an

---

[1] According to Plaintiffs' motion, the parties engaged in a lengthy mediation, which concluded with a signed Mediation Agreement.  Plaintiffs allege Defendant failed to abide by the terms of the Mediation Agreement and filed a Motion to Enforce the Mediation Agreement.  The Court dismissed the motion for lack of jurisdiction, deciding that the motion had to be brought in state court.  Plaintiffs thereafter filed a complaint in New Jersey Superior Court to enforce the Mediation Agreement, which was still pending at the time of Plaintiffs' motion.

attempt to avoid Defendant's discovery request for Plaintiffs to produce a computer tower.

**II.**

Federal Rule of Civil Procedure 41(a)(2) provides, in pertinent part: "[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."[2] "A motion for voluntary dismissal under Rule 41(a)(2) lies within the sound discretion of the district court." Dodge-Regupol, Inc. v. RB Rubber Prods., 585 F. Supp. 2d 645, 652 (M.D. Pa. 2008). "The purpose of the grant of discretion under Rule 41(a)(2) . . . is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." Id. (alteration in original) (quoting Charles A. Wright & Arthur R. Miller, 9 Fed. Prac. & Proc. Civ. 2d § 2364 n.19).

**III.**

"Numerous courts, including courts within the Third Circuit, have held that a court lacks the discretion to deny a

---

[2] The rule further provides: "If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Fed. R. Civ. P. 41(a)(2). There are no counterclaims included in Defendant's answer. Rather, Defendant argues in the opposition brief that the discovery "is critically important . . . to potential related counterclaims." (emphasis added).

3

motion under Fed. R. Civ. P. 41(a)(2) when the plaintiff requests that the dismissal be made with prejudice." Sypniewski v. Warren Hills Reg'l Bd. of Educ., No. 01-3061, 2006 WL 208562, at *3 (D.N.J. Jan. 26, 2006). Indeed, the denial of such a motion could constitute an abuse of discretion by the district court. John Evans Sons, Inc. v. Majik-Ironers, Inc., 95 F.R.D. 186, 190-91 (E.D. Pa. 1982) ("A different situation may be presented where the plaintiff moves to dismiss with prejudice. A trial court may abuse its discretion in denying such a motion where dismissal would terminate the entire action since courts should not conduct useless trials." (quoting 5 Moore's Federal Practice para. 41.05[1] at 41-74)). Similarly, a judge of this Court, in Sypniewski, found that "a motion for voluntary dismissal with prejudice eliminates [a court's] discretion to deny such a motion" and could "constitute an abuse of discretion." 2006 WL 208562, at *4[3]; accord Sheridan v. Fox, 531 F. Supp. 151, 155 (E.D. Pa. 1982) ("If dismissal with prejudice would dispose entirely of a case, it may always be an abuse of discretion to deny dismissal.").

Accordingly, "[w]here the plaintiff has consented to

---

[3] The court in Sypniewski found that, even if the plaintiffs had moved for dismissal without prejudice, the court would have granted the motion, as the court found "Plaintiffs' reasoning for dismissal is sound." 2006 WL 208562, at *4. Plaintiffs in this case have not advanced an explanation that the Court could discern for seeking dismissal.

4

dismissal with prejudice and the defendant will not face a second lawsuit on plaintiff's claim, the Court should grant the motion for dismissal so long as it is not unfair to the defendant to do so." Gilbreth Int'l Corp. v. Lionel Leisure, Inc., 587 F. Supp. 605, 614 (E.D. Pa. 1983).

Defendant's claim of prejudice is that Defendant will be unable to obtain the discovery ordered. Defendant cites the following cases for the proposition that "[a] plaintiff cannot use voluntary dismissal to prevent adverse discovery rulings": Alliance for Global Justice v. District of Columbia, No. 01-811, 2005 WL 469593 (D.D.C. Feb. 7, 2005); In re Vitamins Antitrust Litigation, 198 F.R.D. 296 (D.D.C. 2000); and In re Wellbutrin XL Antitrust Litigation, 268 F.R.D. 539 (E.D. Pa. 2010).

In Alliance for Global Justice, there was a discovery dispute between the parties, in which the plaintiffs "argued that the plaintiffs who had voluntarily dismissed themselves from the case had no obligation to provide further discovery responses." 2005 WL 469593, at *1. The court noted that the voluntary dismissal of various plaintiffs did "not end the case," and the defendants were "still in the process of defending the federal court action that was filed against them." Id. at *3. The court determined that "permitting plaintiffs to avoid their discovery obligations would cause undue prejudice to the defendants." Id. The Report and Recommendation from the

5

Magistrate Judge recommended a condition be imposed on the voluntary dismissal that the dismissed plaintiffs respond to all discovery requests. Id. at *4.

Alliance for Global Justice is factually distinguishable from this case, as a voluntary dismissal with prejudice will completely end this case – there would be no ongoing federal action as there was in Alliance for Global Justice. The discovery the Alliance for Global Justice defendants sought had continuing relevance; the discovery requested here does not.

In re Vitamins Antitrust Litigation involved similar circumstances. The defendants sought an order compelling various plaintiffs in a class to respond to document requests. 198 F.R.D. at 303. Before the court ruled, certain class plaintiffs moved for voluntary dismissal. Id. The court stated "it seem[ed] fairly obvious that these plaintiffs wish[ed] to dismiss their actions merely to avoid having to give defendants the discovery." Id. at 304. The court found that "legal prejudice would result if dismissal of certain plaintiffs would render the defendants unable to conduct sufficient discovery to adequately defend themselves against the charges in this case." Id. at 305. Accordingly, the court decided, "for [the] protection of defendants," that the production of the documents was "a prerequisite to a voluntary dismissal without prejudice." Id.

6

In re Wellbutrin XL Antitrust Litigation also concerned a class action, in which the class representatives sought voluntary dismissal without prejudice and, as a condition of dismissal, to be relieved of the duty to comply with a discovery order. 268 F.R.D. at 540-41. The court found "[t]he discovery at issue comprise[d] a narrow group of relevant documents that go to the heart of the defendants' anticipated defense." Id. at 544. Deciding that "[t]he avoidance of an adverse discovery ruling . . . is not a compelling grounds for dismissal without prejudice," the court conditioned the voluntary dismissal on the production of the ordered discovery. Id.

All three of these cases dealt with voluntary dismissals of plaintiffs where the litigation would be ongoing after the dismissal, as other plaintiffs remained in the action. All three cases also concerned voluntary dismissals without prejudice, unlike Plaintiffs' request for a voluntary dismissal with prejudice. Accordingly, the Court does not find any of the three cases cited dispositive. Nor do they convince the Court that Defendant's desire to complete discovery is such a compelling reason that the Court should deny the motion, where granting Plaintiffs' motion would terminate the case and, with it, any need for discovery.

In considering a voluntary dismissal without prejudice under Rule 41(a)(2), "a court must examine the prejudice to the

defendant, both in terms of legal prejudice and litigation expense." Dodge-Regupol, Inc., 585 F. Supp. at 652.

> Relevant factors in this analysis include (1) the excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by the defendant in preparing for trial; (3) the extent to which the current suit has progressed; (4) the plaintiff's diligence in bringing the motion to dismiss and explanation therefore; and (5) the pendency of a dispositive motion by the non-moving party.

Id.

The Court notes that even under this standard, Defendant does not present a compelling case for the Court to deny the motion. As to the first prong, there will be no "second litigation," as dismissal would be with prejudice. As to the second prong, Defendant makes no argument regarding expenses incurred, and the parties have only just begun discovery. No trial date has been set. As to the third prong, the complaint was filed in April 2016. While the docket has been busy, the case has not progressed into advanced stages of litigation. As to the fifth prong, there are no pending motions by Defendant. The Court notes, relevant to the fourth prong, that Plaintiffs have not provided the Court with an explanation for why they seek dismissal. Nevertheless, weighing these factors on whole does not convince the Court that the voluntary dismissal should be denied.

Accordingly, the Court grants Plaintiffs' motion to

withdraw the complaint and dismisses the action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

An appropriate Order will be entered.[4]

Date: October 5, 2017          s/ Noel L. Hillman
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.

---

[4] While a formal motion was not filed, the Court will grant Defendant's request to seal Exhibit 1 of Plaintiffs' Motion, consistent with our October 19, 2016 and May 4, 2017 Orders.